IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NOLAN M. WALLACE, et al.,

  Plaintiffs,

  v.

THE BANK OF NEW YORK
MELLON formerly known as
The Bank of New York,

  Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-868-TWT

**OPINION AND ORDER**

The Plaintiffs filed this suit to enjoin the Defendant from foreclosing on the Plaintiffs' property. The Plaintiffs argue that the Defendant did not have the right to foreclose and that the Defendant improperly noticed the impending foreclosure. These arguments are not supported by the facts or by controlling caselaw. Accordingly, the Defendant is entitled to summary judgment.

**I. Background**

In August 2006, the Plaintiffs, Nolan and Kendra Wallace, obtained a $582,400 loan from Countrywide Bank, N.A. The loan was secured by a security deed (the "Security Deed") conveying the Wallaces' house (the "Property), located in Clayton

County, Georgia, to Mortgage Electronic Registration Systems, Inc. ("MERS"). In September 2011, MERS assigned its interest in the Security Deed to Defendant, the Bank of New York Mellon.

On June 16, 2011, Bank of America, N.A., a prior servicer of the Plaintiffs' mortgage, mailed a notice of default and intent to accelerate to the Plaintiffs. The letter notified the Plaintiffs that the loan was in default, that the Plaintiffs had an opportunity to cure the default by paying a certain amount by July 16, 2011, that proceedings would be initiated if the default was not cured, and that the Plaintiffs could challenge the default in court.

The Plaintiffs filed this lawsuit on March 4, 2013, in the Superior Court of Clayton County, Georgia. Their complaint sought a temporary restraining order, a preliminary injunction, and a permanent injunction against the foreclosure proceedings. The Superior Court granted the temporary restraining order, and the Defendant removed the case to this Court on March 19, 2013. This Court denied the Defendant's motion for judgment on the pleadings on June 7, 2013. The Defendant moves for reconsideration of that ruling and separately moves for summary judgment. The Plaintiffs have moved to remand the case to state court.

## II.  Legal Standards

### A.  Motion to Remand Standard

In an action that has been removed to federal court, a district court must remand the case to state court if it lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c). The determination of the court's subject matter jurisdiction is, and must be, the first inquiry in the removal context. See University of Southern Ala. v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). The defendant bears the burden of proving that it is entitled to have the case heard in federal court. Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 617 (11th Cir. 1990). The burden on the removing party is a "heavy one." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981)). Because removal jurisdiction raises significant federalism concerns, removal statutes are strictly and narrowly construed, and all doubts about jurisdiction must be resolved in favor of remand. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872 (1941); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). When the basis for removal is the purported fraudulent joinder of a resident defendant the party seeking removal has the burden of establishing that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." Florence v. Crescent Res., LLC, 484 F.3d 1293, 1297 (11th Cir. 2007)

(quoting Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) (emphasis added) (internal quotation marks omitted)). "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." Id. at 1299.

### B. Motion for Summary Judgment Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice

of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

### III.  Discussion

### A.  Does the Court Have Subject Matter Jurisdiction?

The Plaintiffs argue that the Court does not have diversity jurisdiction because their complaint only seeks equitable relief and therefore the $75,000 amount-in-controversy threshold is not met.[1] See 28 U.S.C. § 1332(a). In general, a defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter. Haynes v. JPMorgan Chase Bank, N.A., 466 Fed. Appx. 763, 764 (11th Cir. Feb. 9, 2012) (citing 28 U.S.C. § 1441(a)). The defendant bears the burden of demonstrating subject matter jurisdiction and when, as here, the complaint does not specify an amount in damages, the defendant must establish the requisite amount-in-controversy by a preponderance of the evidence. Id. (citing Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)). When a plaintiff is seeking injunctive relief, "the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000). Here,

---

[1] The parties do not dispute that they are citizens of different states.

the Defendant argues that the value of the Property or the value of the loan controls the subject matter inquiry.

In <u>Willingham v. U.S. Bank, N.A.</u>, No. 1:13-cv-02576-RLV (N.D. Ga. Oct. 8, 2013), Judge Vining confronted nearly identical facts to the ones here and concluded that the court had subject matter jurisdiction. In that case, the plaintiff sought a temporary and permanent injunction preventing the defendant from foreclosing on the plaintiff's property. The court noted that "[p]ermanently enjoining a foreclosure would enable the plaintiff to maintain the right of possession and title to the Property, and the monetary value of these benefits is best measured by the value of the Property itself." <u>Id.</u> at 3. The defendant had provided evidence that the property at issue was worth over $75,000, so the court concluded it had subject matter jurisdiction. <u>Id.</u>

Here, too, the Plaintiffs are seeking injunctive relief to prevent the Defendant from foreclosing on the Property. Should the Plaintiffs receive their requested relief, they would at the very least be relieved of the Defendant's claim for $582,400 on the loan secured by the Property. (<u>See</u> Notice of Removal ¶ 11). Accordingly, the amount-in-controversy here exceeds $75,000, and subject matter jurisdiction is appropriate. <u>See</u> <u>Haynes</u>, 466 Fed. Appx. at 764 (concluding that district court had jurisdiction over case seeking to halt foreclosure when notice of removal stated that over $400,000 was owed on the loan at issue).

**B.     Are the Plaintiffs Entitled to Injunctive Relief?**

The Defendant seeks summary judgment on the Plaintiffs' claim for injunctive relief. A plaintiff seeking a permanent injunction must demonstrate: (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. Angel Flight of Georgia, Inc. v. Angel Flight America, Inc., 522 F.3d 1200, 1208 (11th Cir. 2008). The Defendant argues: (1) that the Plaintiffs cannot enjoin the foreclosure because they have not tendered the amount due; (2) that the Defendant has standing to foreclose as assignee of the Security Deed; and (3) that the Defendant complied with the Security Deed when it notified the Plaintiffs of the default.

First, the Defendant is correct that the Plaintiffs cannot enjoin the foreclosure without first curing their default. "Because plaintiff has not shown that he made any attempt to cure his default by paying the remainder of his debt, he cannot bring an action to stop the foreclosure sale of his property." Taylor v. Wachovia Mortg. Corp., No. 1:07-cv-2671-TWT, 2009 WL 249353 at *5 n.6 (N.D. Ga. Jan. 30, 2009) (adopting report and recommendation). The Plaintiffs have not cured their default here, and they cannot prevent the foreclosure.

But even if the Plaintiffs were not required to cure their default, they could not enjoin the foreclosure because the Defendant was a proper assignee of the Security Deed and because the Defendant properly noticed the foreclosure sale. The Security Deed unequivocally permitted MERS to assign its interest in the Property. (See Def.'s Statement of Material Facts in Supp. of Def.'s Mot. for Summ. J., Ex. A, at 3 ("to have and to hold this property unto MERS… and to the successors and assigns of MERS.")). Assignments such as these from MERS have been upheld by courts in this district. See, e.g., Woodberry v. Bank of America, N.A., No. 1:11-cv-3637, 2012 WL 113658 (N.D. Ga. Jan. 12, 2012); LaCosta v. McCalla Raymer, LLC, No. 1:10-cv-1171, 2011 WL 166902 (N.D. Ga. Jan. 18, 2011). The assignment of the Security Deed from MERS to the Defendant was thus valid. Therefore, the Defendant holds the Security Deed, and "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed." You v. JP Morgan Chase Bank, N.A., 293 Ga. 67, 74 (2013). Accordingly, the Defendant had the authority to institute foreclosure proceedings on the Property.

Next, contrary to the Plaintiffs' arguments, the Defendant properly notified the Plaintiffs of its intent to foreclose. Paragraph 22 of the Security Deed provides that:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument … The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the

>   date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

(See Def.'s Statement of Material Facts in Supp. of Def.'s Mot. for Summ. J., Ex. A, at 10). Here, the Defendant has produced the letter sent to the Plaintiffs informing them of their breach. The letter stated that the loan was in default, that the Plaintiffs could cure the default, that the default must be cured within a month, that the loan would be accelerated if the default was not cured, and that the Plaintiffs could cure the default after acceleration or bring a legal action challenging the default. (See id. Ex. C, Ex. A). Accordingly, the notice of default complied with the Security Deed.

Because the Defendant was a proper assignee of the Security Deed and because the Defendant complied with the Security Deed in notifying the Plaintiffs of default, the Plaintiffs have not shown that they have suffered or will suffer irreparable injury from the foreclosure. Likewise, the Defendant would suffer significant hardship if it was prevented from foreclosing upon the Property in accordance with the Security Deed. Additionally, the Plaintiffs have not tendered the amount due on the loan. Accordingly, the Plaintiffs are not entitled to injunctive relief and the Defendant's motion for summary judgment should be granted.

## IV. Conclusion

For the reasons set forth above, the Plaintiffs' Motion for a Permanent Injunction [Doc. 2] and the Plaintiffs' Motion to Remand to State Court [Doc. 11] are DENIED. The Defendant's Motion for Summary Judgment [Doc. 25] is GRANTED. The Defendant's Motion for Reconsideration [Doc. 15] is DENIED as moot.

SO ORDERED, this 5 day of February, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge